Mary **SCOTT**, Plaintiff,

v.

**LEAVENWORTH UNIFIED SCHOOL DISTRICT NO. 453,** Defendant.

**No. 99–2098–GTV.**

United States District Court, D. Kansas.

Dec. 21, 1999.

Albert F. Kuhl, Lenexa, KS, for Plaintiff.

Mark A. Ferguson, Tammy M. Somogye, Lathrop & Gage L.C., Overland Park, KS, for Defendant.

### MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court upon defendant's Unopposed Motion for Order of Waiver of Privileged Information (doc. 37), which seeks an order compelling the Equal Employment Opportunity ("EEOC") and the Kansas Human Rights Commission ("KHRC") to release and/or make available for examination and reproduction certain records relating to plaintiff.

### I. REQUEST FOR EEOC RECORDS

Defendant indicates that a copy of its Motion was served on the EEOC; however, no response or objections were filed by the EEOC. Defendant does indicate that the EEOC objected to the subpoena and defendant has provided the Court with a copy of those objections; however, the EEOC did not file those objections with the Court. In it objections, the EEOC objects to producing the documents primarily because of confidentiality provisions found in Title VII.

Defendant does not identify in its Motion the records it seeks from the EEOC, except to refer to them as records "regarding plaintiff's charge of discrimination against a former employer, who is not the defendant." In its subpoena to the EEOC, defendant requested all documents "of whatever kind or nature which you may have relating to Mary Scott, with the exception of material related to Charge Number 281980972 which was previously provided by your office." In its proposed order, defendant narrows its request to seek all records "concerning Mary Scott's charge of discrimination against Kansas City Kansas Unified School District No. 500 ... EEOC Charge No. Unknown." The Court will therefore treat defendant's Motion as seeking the records relating to plaintiff's charge against Kansas City, Kansas Unified School District No. 500 ("School District No. 500"). School District No. 500 is not a party to this action.

The Court will deny defendant's Motion as it applies to said EEOC records. Section 709(e) of Title VII of the Civil Rights Act of 1964 makes it unlawful for any officer or employee of the EEOC "to make public in any manner" information obtained by the EEOC "prior to the institution of any proceeding ... involving such information." 42 U.S.C. § 2000e–8(e). Disclosure in violation of this statute is a

misdemeanor punishable by a fine of up to one thousand dollars or imprisonment up to one year. *Id.* The Supreme Court has held that 42 U.S.C. § 2000e–8(e) does not apply to the charging party or the respondent, since neither is a member of "the public" as far as the particular charge is considered. *See Equal Employment Opportunity Commission v. Associated Dry Goods Corp.,* 449 U.S. 590, 599–600, 603, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981).

An EEOC regulation contains similar non-disclosure rules. It provides that a charge and any information obtained during the investigation of a Title VII charge may not be made "matters of public information by the Commission prior to the institution of any proceeding under ... Title VII involving such charge or information." 29 C.F.R. § 1601.22. An exception is made, however, for pre-litigation disclosures to the charging parties and respondents and their attorneys "where disclosure is deemed necessary for securing appropriate relief." *Id.*[1]

 In this case, defendant is seeking information about a charge to which it was not a party. Any disclosure by the EEOC to defendant would therefore be in violation of both 42 U.S.C. § 2000e–8(e) and 29 C.F.R. § 1601.22. The fact that plaintiff has agreed to waive this "privilege" and has communicated his willingness to do so to the EEOC, as defendant states in its Motion, would not render the disclosure proper. One of the purposes behind the non-disclosure provisions is to protect the employer/respondent who has an interest in maintaining the confidentiality of its records. *Equal Employment Opportunity Commission v. City of Milwaukee,* 54 F.Supp.2d 885, 892–93 (E.D.Wis.1999).[2] Here, only the *charging party* has consented to waive his rights to confidentiality; the *respondent,* i.e., School District No. 500, has not done so. Disclosure in these circumstances would be improper and in violation of both Title VII and the EEOC's regulations. It would also be in violation of the various rules set forth in § 83 of the EEOC Compliance Manual.[3] The Court will therefore deny defendant's Motion to the extent it seeks records from the

---

**1.** The Court notes that the EEOC's Compliance Manual sets forth specific rules for dealing with requests for EEOC records made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* EEOC Compliance Manual, § 83. *See also Associated Dry Goods, supra,* 449 U.S. at 596, 101 S.Ct. 817 (describing various provisions of § 83). A party seeking EEOC records should typically submit a FOIA request directly to the EEOC rather than subpoenaing the records from the EEOC or seeking a court order. The rules set forth in § 83 of the EEOC Compliance Manual permit the EEOC to release information in the EEOC's files to charging parties and their attorneys, aggrieved persons on whose behalf charges have been filed and the persons or organizations who have filed the charges on their behalf, and respondents and their attorneys, but only if the request for information is made in connection with contemplated litigation and after a right to sue notice has issued. *Id.* (citing EEOC Compliance Manual, § 83). If the case has been closed, *i.e.,* the right to sue notice has been received and the ninety-day period has expired without a lawsuit being filed, the EEOC will deny the disclosure request unless the aggrieved person arguably has a continuing right of judicial action. EEOC Compliance Manual, § 83.3(d).

**2.** The Supreme Court addressed the converse of this issue in *Associated Dry Goods,* where it ruled that a charging party would not be entitled to know the contents of any other employee's charge against the same employer. 449 U.S. at 603, 101 S.Ct. 817. The Court reasoned that such a charging party "must be considered a member of the public with respect to charges filed by other people. With respect to all files other than his own, he is a stranger." *Id.* The same reasoning applies here, where defendant is a "stranger" to the charge that plaintiff filed against School District No. 500.

**3.** It is possible that *plaintiff* might be able to obtain the EEOC records by making a FOIA request directly to the EEOC. Whether plaintiff could obtain the records depends on whether plaintiff's charge against School District No. 500 is an open or closed file, *i.e.,* whether a right to sue notice has been issued, whether the ninety-day charge filing period has expired, and whether litigation has been instigated. *See* EEOC Compliance Manual, §§ 83.1 and 83.3(d).

EEOC relating to the charge plaintiff filed against School District No. 500.

## II. REQUEST FOR KHRC RECORDS

Defendants' Motion only briefly refers to records of the KHRC. In its proposed order, however, it indicates that it is seeking all records relating to KHRC Charge No. 281941254, which is the KHRC charge plaintiff apparently filed against School District No. 500. No subpoena was ever served on the KHRC for these documents.

The Court notes that in the typical case, where the parties are involved in litigation relating to the underlying charge filed with the KHRC, the KHRC will not require that a subpoena be served for the records. Rather, pursuant to an informal agreement between the KHRC and this Court, the parties may simply file a joint motion requesting that the Court direct the KHRC to make available for inspection and/or copying all records relating to the charge, except those that are "deliberative" or "conciliatory" in nature [4] and those that constitute the work product of a KHRC attorney.

■ This is not the typical case where the parties to the litigation are the same parties involved in the KHRC charge of which the parties are seeking the KHRC records. As noted above, the documents requested relate to the charge that plaintiff filed against another employer, School District No. 500. Plaintiff, however, has agreed to waive any "privilege" he may have with respect to the requested documents and has therefore consented to the KHRC releasing the records. Unlike the EEOC, the KHRC is not prohibited from disclosing documents relating to a charge filed against another employer as long as the charging party has consented to the disclosure. See K.A.R. 21–43–6 ("No officer, agent or employee of the commission

shall make public with respect to a particular person *without his consent* information from reports obtained by the commission except as necessary to the conduct of further commission proceedings.") (emphasis added).

The Court finds that the requested documents may be disclosed pursuant to K.A.R. 21–43–6 and that they are relevant and discoverable. This finding, however, is subject to the Court's review of any objections that may be filed by the KHRC. The Court will, pursuant to its informal agreement with the KHRC, grant defendant's motion for production of the KHRC records relating to KHRC Charge No. 281941254, with the exception of all documents that are deliberative or conciliatory in nature or that constitute the work product of a KHRC attorney.

Accordingly, the KHRC is directed to produce all documents relating to KHRC Case No. 281941254 for inspection and copying by the attorneys of record herein; provided, however, that the KHRC may, upon review of its file (1) withhold from production any documents that are deliberative or conciliatory in nature or that are work product of a KHRC attorney; and (2) file objections to producing any other documents that the KHRC contends it has a legal basis not to produce. Any such objections shall be filed with the Court and served upon the parties herein within twenty (20) days of the date of this Order. If a party requests photocopies of any of the documents that the KHRC produces for inspection, the KHRC shall allow copies of the same to be made at the expense of the party requesting such reproduction.

To recap, defendant's Unopposed Motion for Order of Waiver of Privileged Information (doc. 37) is denied in part and granted in part. The EEOC is not ordered to produce the documents request-

---

4. K.S.A. 44–1005(e) prohibits disclosure of any documents indicating "what has transpired in the course of such [conciliatory] endeavors." In addition, K.A.R. 21–43–6 provides that the EEOC may not disclose "what has transpired in the course of its endeavors at conciliation and persuasion."

ed. The KHRC is hereby ordered to produce for inspection by the attorneys of record for both plaintiff and defendant all records pertaining to KHRC Case No. 281941254, subject to the qualifications set forth in the preceding paragraph.

IT IS SO ORDERED.